# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

HECTOR COLON

_____

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.  If you do not know a name, write "John Doe" or "Jane Doe."  Include the defendant's rank or title if you know it. Do not use **et al.**]

Deputy Warden; Moore, Commissioner;

William Mulligan, Captain; Colon,

Lieutenant; McLain, Commissioner;

Angel Quiros; Unit Administrator;

Guadamala

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. _____X_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: HECTOR COLON

   b. Inmate Number: #259937

   c. Correctional facility: Cheshire Corr. Inst.
      900 Highland Ave., Cheshire, CT. 06410

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages. Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name: ~~Deputy Warden~~ Moore

   b. Rank or Title: Deputy Warden

   c. Workplace: Osborn Corr. Inst.
      335 Bilton Rd.
      Somers, CT. 06071

2. Second Defendant
   a.   Full Name:  William  Mulligan

   b.   Rank or Title:  Commissioner

   c.   Workplace: 24  Wolcott  Hill  Rd.
        Wethersfield, CT. 06109.

3. Third Defendant
   a.   Full Name: Angel  Quiros

   b.   Rank or Title:  Commissioner

   c.   Workplace: 24  Wolcott  Hill  Rd.
        Wethersfield, CT. 06109.

4. Fourth Defendant
   a.   Full Name:  Colon

   b.   Rank or Title: Captain

   c.   Workplace: Osborn  Corr.  Inst.
        335  Bilton  Rd., Somers, CT. 06071

5. Fifth Defendant
   a.   Full Name: McLain

   b.   Rank or Title: Lieutenant

   c.   Workplace: Osborn  Corr.  Inst.
        335  Bilton  Rd., Somers, CT. 06071

6. Sixth Defendant
   a.   Full Name:  Guadamala

   b.   Rank or Title: Unit  Administrator

   c.   Workplace: Osborn  Corr.  Inst.
        335  Bilton  Rd., Somers, CT. 06071

## D. REASON FOR COMPLAINT

**WARNING:  Contact Inmate Legal Aid Program.  Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis.  To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

*Revised 12/13/18*

1. Failure to use the prison grievance process before suing.  If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago:  If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved:   You can generally only sue defendants who were directly involved in harming you.  In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages:   You generally cannot sue the following people and entities for money damages:   the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process).  If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first.  If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison.  If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.  See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case.  The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.  Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint.  If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law).  What you need to tell the Court is who did what, when they did it, and how you were harmed.

*Revised 12/13/18*

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1.

SEE Statement of Case
Between Page 5 and 6.

2.

3.

4.

*Revised 12/13/18*

5

Statement of Case...

1. Plaintiff's Truth Affidavit. (See Exhibit 1 - Plaintiffs' truth Affidavit).

2. On or about, 3/31/2022, the Osborn Intelligence Unit concluded an investigation into a wireless communications device (cellphone) which was confiscated from another inmate and not the plaintiff.

3. The inmate in possession of said cellphone took full responsibility for the cellphone, and declaired that no one else, other then himself was the owner of said cellphone.

4. On May 25, 2022, the Osborn Intelligence Unit, Captain Colon, Lieutanant McLain and Unit Administrator Guadamala gained access to the contents of the cellphone, and an extensive search of the cellphone was conducted, wherefore pictures of the plaintiff were discovered.

5. On May 25, 2022, at approximately 8:00 am the plaintiff was detained by the Osborn Intelligence Unit and taken to segragation were the plaintiff was held for several days. (See Exhibit 2 - Disciplinary Report and Exhibit 3 - Restrictive Housing Unit Status Order)

6. During this time the plaintiff alleges that he was told by the Osborn Intelligence Unit LT. Mclain that the plaintiff Would only be place in Segragetion, and that "Nothing" else Would come as a result of said incident.

7. On or about, 5/25/2022, the plaintiff plead guilty to a Class "A" Offense because LT.Mclain told the plaintiff that no further actions would be taken if the plaintiff plead guilt. (See Exhibit 4-Disciplinary process Summary Report).

8. As a result, the plaintiff was sanction with 8 days punitive Segragation, 30 days Loss of Visit and 30 days Loss of Mail. (See Exhibit 4-Disciplinary Process Summary Report).

9. On or about 5/25/2022, Jose Molina, One of the inmate found in Possession of the Cellphone wrote a declaration clearing the Plaintiff of any wrong doing. (See Exhibit 5-Declaration of Jose Molina).

10. On or about, 6/01/22, the plaintiff was giving a Restrictive Status Notification of a Decision made to place the plaintiff on High Security Status at a hearing held on 5/25/2022, without the present's of the plaintiff. The plaintiff did not sign into any term's and/or a Contract. (See Exhibit 6 - Restrictive Status Notification of Decision)

11. On or about, 6/6/2022, the plaintiff Appeal the defendant's decision to place the plaintiff on High Security. The Appeal was denied by the commissioner William Mulligan, because defendant Mulligan alleged, without doing a thorough investigation into whether or not the cellphone was found in plaintiff's cell. (See Exhibit 7 - Appeal of Administrative Decision)

12. On or about, July 23, 2022, the plaintiff reached out to defendant McLain. The plaintiff address the conversation between the plaintiff and the defendant in which the defendant told the plaintiff that he did not have to worry about anything else coming from as a result of the plaintiff pleading guilty other then some sanctions. (See Exhibit 8 - Letter to Defendant McLain and U.S. Postal Service - CERTIFIED MAIL RECEIPT)

13. Defendant McLain has never reached back out to the plaintiff.

14. On or about, 8/07/2022, the plaintiff reached out to Commissioner Angel Quiros, to address the violation of the plaintiffs's constitutional rights by the defendant(s). Angel Quiros never responded to the plaintiffs's correspondence. (See Exhibit 9 - Plaintiff(s) Letter to Commissioner Angel Quiros)

15.

## LEGAL CLAIMS

A. Fifth Amendmend

The defendants violated plaintiffs fifth Amendment rigth by the plaintiff being subject for the same offense to be twice put in jeopardy of life or limb.

B. Eigth Amendment Cruel and Unusual Punishment

The defendants are violating plaintiffs Eigth Amendment rigth by imposing excessive fines/sanctions.

The defendants are also Keeping the plaintiff on High Security Status indefinate until defendants deside to remove the plaintiff. Unlike Special Monitor Status, individuals were they have a time limit of 6 months before being removed from such status, High security does not.

C. Fourteenth Amendment Denial Due Process

The defendants violated plaintiffs Fourteenth Amendment rigth by failing to provide the plaintiff with a Notification of a hearing for placement on High Security, in violation of their own Administrative Directive 7.5.

Defendants never held a hearing to place the plaintiff on High Security Status, all they did was provide the plaintiff with Restrictive Status Notification of Decision.

Pursuant to prison procedure/Administrative Directive the defendants had to give the plaintiff a hearing, give the plaintiff reason for placement on High Security and if the plaintiff choice to appeal said placement on High Security.

EXHIBIT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HECTOR COLON                                   Case No.

                                          :

            v.                            :    Date: 10/18/2022

Deputy Warden Moore et.al,                :


DECLARATION OF HECTOR COLON

Hector Colon hereby declares:

1. I have been incarcerated at Osborn Correctional Institute since 2021 until 2022. Since June of 2022 I have been housed at Cheshire C.I., North Block One on High Security Status.

2. On or about, 3/31/2022, the Osborn Intelligence Unit concluded an investigation into a wireless communications device (cellphone) which was confiscated from another inmate and not the plaintiff.

3. The inmate in possession of said cellphone took full respon-
sibility for the cellphone and declaired that no one else,
other then himself was the owner of the cellphone.

4. On May 25, 2022, the Osborn Intelligence Unit, Captain
Colon, Lieutenant Mclain, and Unit Administrator Guadamala gained
access to the content's of the cellphone and an extensive
search of the cellphone was conducted, wherefore pictures of
the plaintiff were discovered cutting hair and braiding hair.

5. On May 25, 2022, at approximately 10:00 am the plaintiff was
detained by the Osborn Intelligence Unit and taken to Segra-
getion were the plaintiff was held for 8 days.

6. During this time the plaintiff alleges that he was told by
the Osborn Intelligence Unit LT. Mclain that the plaintiff
would only be place in Segragetion, and that "Nothing" else
would come as a result of said incident.

7. On or about, 5/25/2022, the plaintiff plead guilty to a class
"A" offense, because LT. Mclain, Captain Colon and Unit Adminis-
trator Guadamala told the plaintiff that no further actions would
be taken if the plaintiff plead guilty.

8. As a result, the plaintiff was sanction with 8 days punitive segragation, 30 days Loss of Visits and 30 days Loss of Mail and 15 days RREC (Good Time)

9. On or about, 5/25/2022, Jose Molina, the inmate found in possession of the cellphone wrote a declaration clearing the plaintiff of any wrong doing.

10. On or about, 6/01/22, the plaintiff was giving a Restrictive Status Notification of a Decision made to place the plaintiff on High Security Status at a hearing held on 5/25/2022, without the present's of the plaintiff. The plaintiff did not sign into any term's and/or a contract.

11. On or about, 6/6/2022, the plaintiff Appeal the defendants' decision to place the plaintiff on High Security. The Appeal was denied by the Commissioner William Mulligan, because defendant Mulligan alleged, without doing a thorough investigation into whether or not the cellphone was found in plaintiffs cell.

12. On or about, July 23, 2022, the plaintiff reached out to defendant McLain. The plaintiff address the conversation between the plaintiff and the defendant in which the defendants told the plaintiff that he did not have to worry about anything else coming

From the incident other then sanctions as long as the plaintiff pleads guilty.

13. Defendant McLain has never reached back out to the plaintiff.

14. On or about, 8/04/2022, the plaintiff reached out to Commissioner Angel Quiros, to address the violation of the plaintiffs Constitutional rigths by the defendants. Angel Quiros never responded to plaintiffs correspondence.

I, HECTOR COLON, declare under penalty of perjury that the foregoing is true and correct. Executed at Cheshire CI, on October 26, 2022

HECTOR COLON
Hector Colon

x Hector Colon
SIGNATOR

JOSE ALBERTO ROBLES
Notary Public, State of Connecticut
My Commission Expires Nov. 30, 2024

NOTARY PUBLIC

NOV. 30th, 2024
MY COMMISSION EXPIRES

Page 4 of 4

# EXHIBIT
# 2



# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| Facility/Unit: Osborn Correctional Institution | | Report date: 5/25/2022 | |
|---|---|---|---|
| Inmate name: Colon, Hector | | Inmate number: 259937 | |
| Housing unit: B-05B | Location of incident: Intelligence Office | | |
| Report number: | Incident date: 5/25/2022 | Incident time: 8:00 ? | ☒ am  ☐ pm |
| Offense: Contraband | | Offense class:  ☒ A  ☐ B  ☐ C | |

Description of violation:

    On May 25, 2022 the Osborn Intelligence Unit concluded an investigation into a wireless communication device (Cellphone) being confiscated on 3/31/2022. After gaining access to the contents of the cellphone, an extensive search of the phone was conducted and let it be noted that inmate Colon had digital content (pictures) of himself on the phone. There are multiple videos of him as well that were taken inside of the facility. Inmate Colon actions clearly indicate that he was in possession of the cellphone which resulted in the issuance of this Class A Disciplinary report.

Witness(es):

Physical evidence:

| Reporting employee (print): McLain | Title: Lieutenant |
|---|---|

| Reporting employee (signature): *Mclin* | | | |
|---|---|---|---|
| Date: 5/25/2022 | Time: 1:30  ☐ am  ☒ pm | Employee requests copy: | ☐ yes  ☒ no |

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative Detention | Date: | Time: | ☐ am  ☐ pm |
|---|---|---|---|
| ☐ Accused inmate interviewed | ☐ Informal disposition | | |

Custody Supervisor / Unit Manager name (print): *Bush*

Custody Supervisor / Unit Manager signature

| Title: *Lt* | Date: 5-25-22 | Time: 2:45  ☐ am  ☒ pm |
|---|---|---|

## INMATE NOTICE

| Delivered by (print): *Acevedo* | Delivered by (signature): *Acevedo* |
|---|---|
| Title: *C/o* | Date: 5-25-22 | Time: 2:55  ☐ am  ☒ pm |

- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.

# EXHIBIT
# 3

# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

CN 9401/1
Rev. 9/23/21

| Facility/Unit: | Osborn Correctional Institution | | |
|---|---|---|---|
| Inmate name: | Colon, Hector | Inmate number: | 259937 |

## SECTION 1 - STATUS

### Placement in Restrictive Housing Unit (check and date the appropriate description).

| | | | |
|---|---|---|---|
| ☐ | Transfer Detention | Date: | |
| ☒ | Administrative Detention | Date: | 5/25/2022 |
| ☐ | Punitive Segregation | Date: | |
| ☐ | Administrative Segregation | Date: | |
| ☐ | Administrative Segregation Transition | Date: | |
| ☐ | Special Needs Management | Date: | |
| ☐ | Chronic Discipline | Date: | |

## SECTION 2 - REASON FOR PLACEMENT

The inmate's/my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the facility because:

Inmate Colon, Hector #259937 was processed in the Restrictive Housing Unit pending adjunction of a Class A Disciplinary report for Contraband A.
Inmate was assessed by medical and cleared for placement.

## SECTION 3 – Vulnerable Population Review

Does this inmate meet any of the following criteria? ☐ Yes( if yes, next business day review is required) ☐ No

Under the age of 18 – Over the age of 65 – MH Score 4 or 5 – Has a developmental disability  – Significant auditory or visual impairment – Pregnant or Postpartum – Has a serious medical condition in accordance with AD 9.7

| Supervisor signature: | *signature* | Date: | 5/25/2022 |
|---|---|---|---|
| Inmate given copy of this form: | Time:    1:30      ☐ am   ☒ pm | Date: | 5/25/2022 |

EXHIBIT
4



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/1
Rev 10/01/19

| | |
|---|---|
| Facility/Unit: **Osborn Correctional Institution** | Housing unit: B-5 |
| Report date: 5-25-22 | Report number: **OCI-2205045** | Hearing date: 5-25-22 |
| Inmate name: Colon, Hector | Inmate number: 259937 |
| Reporting employee: Lt. McLain | DHO: N/A |
| Investigator: **C/O Kolakowski** | Advisor: N/A |

Inmate appearance: ☒ yes  ☐ no    Reason:

☐ Suspended sentence

☐ Deferred prosecution    Number of days    Through:

☐ Charge dismissed    By:    Reason:

Continuances (dates and reasons):

**SANCTIONS:**

**3 P/S thru 5-27-22**
**30 LOV 5-28-22 to 6-26-22**
**30 LOM 5-28-22 to 6-26-22**

## SUMMARY

| | Charge/class | Plea | Finding | Forfeiture of Risk Reduction Earned Credits: | | |
|---|---|---|---|---|---|---|
| Original | **Contraband/A** | Guilty | Guilty | | | |
| Substitute | | | | ☐ -10  ☒ -15  ☐ - 25 | | |
| ☐ Confidential information | Reliability: | | | ☐ - 60  ☐ - ____ | | |

Documentation submitted:   ☐ Incident report    ☐ Medical incident report
   ☐ Use of force report    ☐ Other (specify)

Witness name:    appearance ☐ yes  ☐ no
Testimony:

Witness name:    appearance ☐ yes  ☐ no
Testimony:

Witness name:    appearance ☐ yes  ☐ no
Testimony:

☐ Witness exclusion    Name:    Reason:

Physical evidence, written testimony:

# EXHIBIT
# 5

5-25-22

To who it may Concern:

I Jose Molina #357003 am writing this statement on behalf of Hector Colon #259937 because I dont think it is fair that of my stupid action Colon should get a class "A" ticket for contraband of a wireless communication device (cell phone) being confiscated on 3-31-22 from an inmate who took full responsibility. There was digital content (pictures) of Colon because I took them without his Consent. I basically forced him to take them. And, about the multiple videos of him as well that were taken inside of the facility is clear that Mr. Colon was just braiding and giving haircuts to inmates. Colon never had any possesion or used the phone. I am taking full responsibility of my action. Also Colon gave my friend $50.00 for him to set up a prisoner pen-pal to find him a friend to write him. And we did something else with out his Consent thinking it would be better, Colon has been down 15 years ticket free and he always giving us positive advice, But we never listen to him. Once again I don't think it's fair someone should get punished for something they didn't do. Thank you for your time.

Sincerely Submitted,

Jose Molina

EXHibit 1

# EXHIBIT

# 6



# Restrictive Status Notification of Decision
## Connecticut Department of Correction



CN 9405
REV
5/25/2021

| Inmate name: | Colon, Hector | Inmate number: | 259937 |
|---|---|---|---|

| Facility/Unit: | Osborn CI | Date: | 6/1/2022 |
|---|---|---|---|

This form notifies you that as a result of a hearing held on (indicate hearing date):   5/25/22

☒   You have been placed in the following restrictive status:

| | |
|---|---|
| ☐ Punitive Segregation | **You now are subject to all the conditions listed in Administrative Directive 9.4, Restrictive Status and may not earn Risk Reduction Earned Credit in accordance with Administrative Directive 4.2A.** |
| ☒ *High Security  **Effective 6/1/22** | |
| ☐ Chronic Discipline | |
| ☐ Administrative Segregation | |
| ☐ Special Needs Management | |

*Per administrative Directive 9.4, Restrictive Statuses,, a hearing is not required for an inmate who meets the criteria as presented in Section 14-B of this directive for High Security placement.

*You may appeal this decision within 15 days of the receipt of this notification in accordance with Administrative Directive 9.6, Inmate Administrative Remedies.*

☐   You <u>have not</u> been placed on restrictive status.

| Inmate signature: | Date: |
|---|---|

| Staff witness signature: | Date: |
|---|---|

Staff witness shall indicate if inmate refuses to sign

| distribution: | Director of Security<br>Unit Administrator<br>Director of Offender Classification and Population Management<br>inmate master file<br>inmate |
|---|---|

# EXHIBIT

# 7

| **CONFIDENTIAL**<br>(FOR OFFICIAL USE ONLY) | Inmate name: Hector Colon |  |
|---|---|---|
|  | Inmate number: 259937 | Housing: N1-17 |

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

I, Inmate Hector Colon appealing the Decision Effective on 6/1/22. I was Placed on High Security Statues For a cell-phone that was Confiscated From Another inmate Carlos Valazques on 3-31-22 that inmate owned up to the cell-phone being his. (See Exhibit 1- Inmate Jose molina #357003 Affidavit and Declaration).

Mr. molina Affidavit is of Paramout importance because it clear's my name From Any wrong doing. A picture of me on a cellphone does not qualify me For High Security.

In addition, to show that I was Personally involved and/or conspired to Convey Contraband, in the sense of helping to cause a violation, You have to show that I acted intentionally or with malicious intent.

This difference in treatment does not bear a "rational relationship" to a legitimate governmental purpose, and denies me my Fourteenth Amendment Rigth to Equal Protection of the Law, and Forbids a State to "deny any Person within its Jurisdiction any rigths guaranteed to him or her by the Constitution. The actions I seek to resolve this Violation is to remove me From High Security Statues and return me to the normal Statues of most inmates. and Continued to remain Positive and be able to work in the kitchen or be Part of a mental For the Youth Program. Thank You For Your time.

CC. File

| Inmate signature: Hector Colon | Date: 6-6-22 |
|---|---|

- **Deposit this form in the "Administrative Remedies" box.**

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| Date Received: 6-16-22 | |
|---|---|
| Disposition: DENIED | Date of Disposition: 7-1-22 |

Reason:
This office has reviewed the circumstances surrounding your High Security appeal. Your appeal is denied. Per the inmate handbook each offender is responsible for the contents of their cell. Your placement on high security status is not solely based on your guilty plea to the disciplinary infraction, but the safety and security threat posed by the contraband. You will be managed and reviewed in accordance with Administrative Directive 9.4, Restrictive Status. You are encouraged to follow the rules and regulations and comply with program requirements.

[X] This decision is not subject to further appeal.

| Print Name: WILLIAM MULLIGAN | Title: DEP COMMISSIONER |
|---|---|
| Signature: | Date: 7-1-22 |

# EXHIBIT

# 8



■ Complete items , and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature
X _Floyd Walcott_    ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Floyd Walcott

1. Article Addressed to:

Intelligence officer McLain
Osborn C.I
335 Bilton Rd
Somers, CT 06071

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:    ☒ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 1702 6053 9512 89

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7017 2680 0000 2050 6714

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☒ Certified Mail Restricted Delivery  $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees
$
Sent To
Intelligence officer McLain / Osborn C.I
Street and Apt. No., or PO Box No.
335 Bilton Rd
City, State, ZIP+4®
Somers, CT 06071

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 2680 0000 2050 6714

Intelligence Officer                          FR: Hector Colon
Mr.Mclain.                                    Inmate No.259937
                                              Cheshire CI
                                              900 Highland Avenue
                                              Cheshire CT 06410

                          July 23,2022

RE: My discplinary Report I received for controband.

    Dear Mr.Mclain:

    I am writing to you in regards to the controband ticket that
    I was given for my picture that was in a cell phone that was
    not even mine.

    In our conversation we had you did infact tell me that I did not
    have to worry because the phone was not even mine,yet I was
    given a ticket for controband the cell phone.

    This ticket was the reason that I was placed on High Security,
    and as you already know It was not mine.
    I do feel like you cohearse me into pleading guilty to the tickent
    without any hearing or probable cause.

    Mr.Mclain,I only plead guilty to the ticket because you did tell
    me that nothing would come about it other then some sanctions.

    Had I new that I would have been placed on high security I would
    have requested a hearing.

    I have not been in any kind of trouble in 15 years and If I have
    to file a habeas in court to try and get somthing done about this
    it will be time consuming for everyone.
    I would greatly appreciate it if you would help me with this and
    see to it that I could be taken off of this high security.
    Thank you for your time in this matter.

CC.
                                    Sincerly,

                                    Hector Colon

                                    Hector Colon

# EXHIBIT

# 9

Commissioner Angel Quiros                                    8-7-22
24 Wolcott Hill Rd
Wethersfield, CT 06109

Dear Commissioner Angel Quiros
    This Complaint is Being Brought Against Your Administration
For Discrimination And Retaliation, The Defendant Acted Outside
the Scope of they Duties And Jurisdiction, Nonetheless, Acted
Willfull, Knowingly, Maliciously and Purposefully with the Specific
intent to Deprive the Plaintiff of his Rights To:
A). Due Process of Law;
b). Equal Protection of Law;
c) Freedom from Racial Discrimination;
D). Freedom of Association;
F). Cruel And Unusaul Punishment.
    All of These rights are Secured to the Plaintiff by the Provision
of the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the
United State Contitution, by Title 42 of the U.S. Code, 1981, 1983, 1988
and by the Constitution, Statures, and Laws of the State of Connecticut
Which are invoked Under the Pendent Jurisdiction of this Honorable
Superior Court.
        Please Allow me to give you Some Personal Background information
about my self. My Name is Hector Colon, I'm 43 Years Old, my Inmate
number is #259937 and I'm presently incarcerated at cheshire c.I Where
I am presently Serving a Total Effective Sentence of 27½ Years of
Which I have Already Served 15 Years For the following Crimes:
• Drugs •Burglary 1st • Robbery 1st • Conspiracy of Burglary 1st •Kidnapping 2nd • Forgery 1st

Please allow me to give you a Complete breakdown of my work history during my entire incarceration Period Starting From 2007 to 2009 before I was Sentenced. My 1st Job was as a Tearman, 2nd Job was as a Laundry Worker, and Finally my 3rd Job was as a barber in MacDougall C.I. And AfFte I was Sentenced in 2009 and Transferred to Garner c.I, I started working as a Kitchen Worker, and back And Forth to a Variety of different institutional Jobs Full cycle at the present time.

Now, I would like to talk to you About my Personal accomplishmets beginning in 2007, when I received my GED, Then Came my Accountability Programs which I Completed starting with the Threshold Program in 2010, The Beyond Fear Program in 2011, The Domestic Violence Program in 2020, and Finally the Tear Two Program which I Completed. As to Other Positive Programs and my Participation in them. UnFortunately, For me an due to the length Of my Sentence, the Program Unavailability at All institut and the long Program Waiting list I have been denied Many Opportunities to Participate in more of these rehabilitative Program and not to Mention Some of the Vocational Programs For which I have on Multiple Occasion expressed interest, requested admission, only to be denied entry. For Example The CNA Program · Barber class Program and the American Vet Dog Veteran's K-9 Corps Program and they are not letting me to Participate in All this good Programs. I have been Down 15 Year without getting in trouble ticket Free.

## Facts

The Acts and Omissions of the Defendant Described Constituted a deprivation of the plaintiffs Constitutional Rights, Privileges and immunity, and while these Acts Were Carried Out Under the Color of Law, They Have no Justifications or Excuse in Law, And Were instead Gratuitous, illegal, Malicious, improper and Unrelated to Any Activities which

Employees of the State of Connecticut and town of Somers CT, and Cheshire CT may appropriately and Legally Engage in the Course of Protecting persons, the inmates or Ensuring Civil Order.

On May 25, 2022 I was working in the Kitchen at Osborn c.I and I was told by the Officer that I had a Legal Visit. I went to my Unit to change clothes to Regular Uniform and the Osborn Intelligence Unit Came to my cell B-5 cell and told me I have a legal Visit to go with them. I went to the Visit and there was #2 male of Security Device TaskForce and they ask me if I knew why I'm there. I Told them "No" they pull out they Cellphone and Show me some Pictures of me. Pictures they was being taking by Another Inmate. There Where Saying that I had Possession. I Told them, I never had Possession and it's clear on the Picture, That Someone through the Pictures, it Wasn't me. I never had Any Phone in my hand or tOUCH it. Is clear that in the Video, Taken inside the Facility Show that I was busy Cutting hair or bradding, Not using the Phone. I'm Working and trying to stay out of trouble.

On 3-31-22 Inmate Carlos Valazquez #428695 was Cough with the phone at Another cell E-unit 17 Cell and he took Full Responsobility of the Phone. That indicate clear he was in Possession of the Phone. Why every One was charge with Possession When is was Only one person with the Phone. That's Considered a double Jeopardy?

What I belive D.O.C Shall Follow the Rules and treat every one Equal, Not Discriminate and Retaliate Inmates. On the Same day, they pick-up Jose Molina they guy that Actually took the Picture Of me. He was place on the Housing Restrictive Unit because he did had numbers and Pictures of him Self. He took Full Responsobility of his Action and at lease he Came Forward

and told the Deputy Warden Moore that he was the One that took the pictures of me with out my Concern. And he wrote a Statement that I didn't have Anything to do with that. And gave me and the Warden the Original Statement. I was process and Charge with a Contraband class A ticket. On may 27, 2022 the Warden Show up and I gave him the statement that Inmate Jose Molina gave me. On Tuesday may 31, 2022 in Between 1:00 PM to 2:00 PM they Moved Us From F-unit Segregation to E-unit Accrass the Hall to a different Unit and the Officer that Arrived in my Cell F-33 Handcuff me where I was place For Detention, he told me that to take all my Stuff including the Mattress because he was Not going to help me and call me "Stupid Spit" I Just ignore him and told him I have a bad Wrist and I can't do strength and he told me I guest "You are set", Cuss he didn't give a "F" World, You deserve it Anyway. They put us in a Unit that never was clean and it was very durty, Mad dust every Where. They didn't care About Covid Protocols or Nothing. I Told L.T officer about the Mattress and he told me he was going to check. Then About 9:30 PM L.T Came back again for his regular tour and I call him and he Just ignore me and Kept Walking. I had Sleep in a hard Metal All night Without No Mattress, I was in pain all night my Back was hurting and my Feet. You could review the Camera And check that is true. On June 1, 202 Next day I had See the Mental health Lady in the Morning and I wante to talk to her to Explain my Situation and she told me Just to Write her. I had Wrote a Request and they Moved me the Same day. I Couldn't put the Request in the Box, I still have the Request. The Same day, They Transfer #3 Inmates to different facility. I don't think is Fair that because of Some individual that was

breaking the Rules, I Should be Punish For what ever Someone else did. I had wrote Population Management last year to transferred me out that Facility and I wrote my Counselor for be on the transfer list and it been a Year and nothing was done, and Look what happen to me now, in trouble. On June 1, 2022 they desire to put every One on High Security because of Another Inmate actions. I Set in Segregation For 8 days. They Took 30 days of Loss of visit, 30 days Loss of mail, 15 days of Good time, Plus now I Can't have no Contact Visit with my Family, Until D.O.C desired to take me off High Security. I Can't get a Job Out the Unit, Unless is a Tierman Job and is hard to get that because who got them, they have alot of time. I Am being treated like if I Escape or Committed a Crime. (See Exhibit) of All paper work including the Appeal of Administrative Decision that I Appeal for being in High Security Look At the Reason, I was Denied. "per the inmate handbook each offender is responsible For the Content of their cell". thats Correct, But they never Find anything in my Cell, why they gave me a Contraband ticket? of Possession when Someone else was Cough and took Full responsability For his action. Also they never gave me a hearing to be place on High Security, thats is already a Violation. I Just had wrote the Dp warden nunez about this Complaint And he neve Respond back Just ignored my Request, I Kept a Copy. thats a Violati of due Process, but if you write them up, We are the bad one and they Star of Retaliation checking your cell and destroyed your Properti

The reason I am writing you like that you Could See what is going on in your Facility and no one is doing nothing About it, my last Solution if you don't do anything About this, I will File a 1983 Federal. I don't want to do that, but if I has to

I will go All the way. I Dont get in trouble And I Am trying to do good and Asking for help to better my SelF.

In closing, I want to thank You For taking the time to read this letter and I play that You will Find it in Your heart to help me, Your Efforts in this matter will be forever appreciated.

Respectfully Submitted,

Hector Colon

Hector Colon #259937
Cheshire C I
900 Highland Ave
Cheshire, CT 06419

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

**E.    REQUEST FOR RELIEF**
Tell the court what kind of relief you want.   **Remember**: (1) You can only get money
damages for mental or emotional injury if you were also physically injured; (2) Money
damages may be reduced to pay restitution to victims of your crime and fees for a
courtappointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens*
action to request release from custody, a reduction in your sentence, or a restoration of
good time credits.  For any of these, you must request a Writ of Habeas Corpus.

SEE REQUEST FOR RELIEF
BETWEEN PAGE 6 and 7.

*Revised 12/13/18*

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

1. A declaration that acts and omissions described herein violated plaintiffs rigths under the Constitution and Laws of the United States.

2. A preliminary and permanent injunction ordering defendants Deputy Warden; Moore, Commissioner; William Mulligan, Captain Colon Lieutenant McLain, Commissioner Angel Quiros and Unit Administrator Guadamala admidate removal from High Security Status.

3. Change policy for those on High Security from an indefinate term to six (6) months just like Special Monitor.

4. Compensatory damages in the amount of $25,000 against each defendant, jointly and severally.

5. Punitive damages in the amount of $40,000 against each defendant individual and official capacity.

6. A jury trial on all issues triable by jury.

7. Plaintiff's cost in this suit, including attorny's Fees, Any additional relief this court deems just, proper, and equitable.

**F.**    **DO YOU WISH TO HAVE A JURY TRIAL? YES __X__ NO_____**

**G.**    **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at ___Cheshire  Corr. Inst.___ on ___10/18/2022___
                    (Location)                              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.  **The complaint cannot be filed without a signature from each plaintiff.**

**H.**    **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

    1.    Answer all questions on the complaint form.

    2.    Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 12/13/18*

7